**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-CR-20374-WILLIAMS

**UNITED STATES OF AMERICA**

vs.

**MANUEL FELIPE ARENALES MONROY,**

    **Defendant.**
_____/

**THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S ARGUMENT IN HIS SENTENCING MEMORANDUM REGARDING INCARCERATION CONDITIONS WHILE AWAITING EXTRADITION**

The United States of America, through the undersigned Assistant United States Attorney, respectfully submits that a sentence at the low end of the applicable range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is appropriate and submits this memorandum in opposition to address one particular topic in the sentencing memorandum of defendant MANUEL FELIPE ARENALES MONROY [DE 23]: the conditions of his incarceration in Guatemala while awaiting extradition. Sentencing is scheduled for April 12, 2018.

**Argument**

The defendant argues that he merits a lesser sentence because of time he spent in a foreign prison awaiting extradition. Specifically, he claims that the conditions in the Guatemalan prison were "horrid" and akin to "a decrepit shanty town[.]" (Def. Mem. at 8-9). This argument is without merit and should be denied. While the government does not oppose counting the time spent awaiting extradition in calculating the defendant's sentence, the incarceration abroad does not warrant a lesser sentence.

1

As a preliminary matter, there is a perverse logic to the defendant's complaints regarding the prison conditions in his own country, after committing crimes while in that country which caused him to become incarcerated there. Whatever burdens the defendant suffered, they were entirely of his own making. It was not as if the defendant committed a crime, which was only recognized in the United States, such that he was surprised to find himself in prison in Guatemala. Narcotics trafficking is illegal there too.

Moreover, the defendant's arguments fail under a substantive and legal analysis of his claim. In *United States v. Pressley*, 345 F.3d 1205, 1218-19 (11th Cir. 2003), the Eleventh Circuit, citing *United States v. Carty*, 264 F.3d 191 (2d Cir. 2001), held that harsh conditions of confinement could provide a basis for a lesser sentence. *See also United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011) (noting that a court "may reduce a sentence to account for the harsh conditions of pretrial confinement," but reversed the district court's sentence reduction as "substantively unreasonable" and an abuse of discretion). However, the *Pressly* Court did not rule on whether the "extraordinary" conditions alleged in that case – which involved six years of presentence confinement, five of which years were spent in a 23-hour-a-day lockdown, and where the defendant testified that he had not been outside for five years – warranted a lower sentence but rather remanded the case to the district court to allow it to exercise its discretion. *Pressley*, 345 F.3d at 1218-19.

In fact, courts have routinely rejected variances based on confinement conditions abroad. *See United States v. Naranjo-Ramirez*, 402 Fed. App'x 576 (2d Cir. 2010) (affirming sentence in which district court declined to grant reduction for harsh conditions during the defendant's pre-extradition confinement at the Combita prison (the prison to which all extraditees from Colombia

2

were committed before La Picota was utilized)); *Rickenbacker v. United States*, 365 F. Supp. 2d 347, 351-52 (E.D.N.Y. 2005) (alleged conditions of rat-infested food did not meet requirement of showing conditions of confinement were "extreme to an exceptional degree"); *United States v. Teyer*, 322 F. Supp. 2d 359, 378 (S.D.N.Y. 2004) (denying departure request based on conditions at a Belizean jail described as "an extraordinarily harsh environment filled with fear, danger, violence, rape and corruption," noting that defendant must present "evidence of truly horrific conditions"). In the rare instances where courts have granted lesser sentences due to harsh incarceration conditions, the conditions were "extreme to an exceptional degree[,]" *Rickenbacker*, 365 F. Supp. 2d at 351-52. *See e.g., United States v. Noriega*, 40 F. Supp. 2d 1378, 1379-81 (S.D.F.L. 1999) (the defendant experienced a nine-year incarceration term that, although having "some benefits which ameliorate his isolation[,]" could be compared to solitary confinement).

Furthermore, courts that have examined this issue have placed the burden squarely on the defendant to prove, *see United States v. Johnson*, 413 Fed. App'x 320, 322 (2d Cir. 2010), and held that, to satisfy that burden, the defendant must show that (1) the conditions of his confinement were "extreme to an exceptional degree" and (2) those conditions fell upon him "in some highly unique or disproportionate manner." *Teyer*, 322 F. Supp. 2d at 377. The defendant in the present case fails this burden.

First, as far as proving conditions being "extreme to an exceptional degree," while the defendant may have preferred a U.S. prison, there were some benefits to prisoners in Guatemala that were not available to U.S. prisoners, such as inmates being able to receive food, clothing and conjugal visits from family members who could visit the prison. The foreign-press newspaper editorial cited in the defendant's memorandum and the defendant's self-serving statements fall far

3

short of the standard necessary to show conditions of confinement that were "extreme to an exceptional degree."

Second, even if the defendant's allegations were true, as the cases cited above show, they do not amount to the type of "extreme to an exceptional degree" conditions that merit a reduction, nor ones that fell upon him in a "highly unique or disproportionate manner" – every inmate in the prison experienced the same conditions.

## Conclusion

For the reasons stated herein, the government submits that a sentence within the Guidelines range is appropriate,[1] and respectfully requests that the Court make an explicit finding that, whatever sentence the Court ultimately decides is merited, the Court is not taking into consideration the conditions of the defendant's incarceration while awaiting extradition.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY

By: /s/ *Walter M. Norkin*
    Walter M. Norkin
    Assistant United States Attorney
    Florida ID No. A5502189
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9406
    Walter.Norkin@usdoj.gov

---

1  As to the defendant's argument regarding potential Guidelines amendments, the government respectfully submits that it is inappropriate to sentence a defendant with a glance as to how and when the Guidelines might change, as reliance upon possible amendments is speculative and would only create unwarranted disparities with other defendants who are being sentenced now. In addition, it does not appear that the proposed changes discussed in the defendant's memorandum for "first time offenders" are meant to address and benefit defendants like Arenales, who are significant narcotics traffickers despite their lack of a prior record due to operating abroad.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on April 5, 2018.

*/s/ Walter M. Norkin*
Assistant United States Attorney